IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ZACHARY LAMBERT,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

CASE NO. 1D14-2575

_____/

Opinion filed June 8, 2015.

An appeal from the Circuit Court for Duval County.
Tyrie W. Boyer, Judge.

Michael Ufferman, of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Joshua R. Heller, Assistant Attorney General, Tallahassee, for Appellee.


ON MOTION FOR CLARIFICATION

WETHERELL, J.

      We grant Appellee's motion for clarification, withdraw our original opinion issued on April 15, 2015, and substitute this opinion in its place.

      The defendant, Zachary Lambert, appeals the trial court's order denying his rule 3.800(b)(2) motion to correct sentencing error in which he challenged the

legality of his sentences under Graham v. Florida, 560 U.S. 48 (2010). We affirm for the reasons that follow.

On the day before Thanksgiving in 2011, Lambert stole a truck and led police on a high-speed chase through Jacksonville at speeds reaching more than 100 miles per hour. The chase ended when Lambert's truck slammed into the driver's side door of the truck being driven by Chris Thompson, a 22-year-old college student. Thompson was killed in the crash, which the investigating officer with the Florida Highway Patrol described as "one of the most horrific scenes [he] ever witnessed in [his] 24 years in law enforcement." Lambert was 16 years old at the time of these crimes and he had an extensive prior juvenile record.

Lambert pled guilty to vehicular homicide (count 1), aggravated fleeing or attempting to elude a law enforcement officer (count 2), and grand theft of an automobile (count 3). He was adjudicated guilty and sentenced to concurrent 15-year prison terms on counts 1 and 2, followed by five years of mental health probation on count 3. We granted Lambert a belated appeal of his judgment and sentence. See Lambert v. State, 136 So. 3d 1288 (Fla. 1st DCA 2014).

Prior to filing his initial brief, Lambert filed a rule 3.800(b)(2) motion to correct sentencing error in which he argued that his term-of-years sentences for counts 1 and 2 should be amended to reflect that he is entitled to parole eligibility pursuant to the reasoning in Graham and Judge Padovano's concurring opinion in

Smith v. State, 93 So. 3d 371 (Fla. 1st DCA 2012). The trial court denied the motion, finding that (1) Graham was not applicable to the homicide offense in count 1, and (2) Graham was not applicable to the nonhomicide offense in count 2 because Lambert was not sentenced to life in prison (nor could he have been[1]) and his 15-year sentence on that count did not amount to a *de facto* life sentence. Lambert then filed his initial brief, challenging only the denial of his rule 3.800(b)(2) motion as it relates to count 2.

In Graham, the United States Supreme Court held that the constitutional prohibition against cruel and unusual punishment "forbids the sentence of life without parole" for a juvenile convicted of a nonhomicide crime. 560 U.S. at 74. The Court explained that this rule does not require the states to guarantee eventual freedom to juveniles convicted of nonhomicide crimes, but rather it merely requires the states to give such offenders "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." Id. at 75. In Henry v. State, the Florida Supreme Court extended the rule adopted in Graham to term-of-years sentences that amount to life in prison, holding that:

> Graham prohibits the state trial courts from sentencing juvenile nonhomicide offenders to prison terms that ensure these offenders will be imprisoned without obtaining a meaningful opportunity to obtain future early

---

[1] The offense to which Lambert pled in count 2 – aggravated fleeing or attempting to elude a law enforcement officer – is a second-degree felony punishable by up to 15 years in prison. See §§ 316.1935(3)(a), 775.083(3)(d), Fla. Stat. (2011).

> release during their natural lives based on their demonstrated maturity and rehabilitation.

40 Fla. L. Weekly S147, S149 (Fla. Mar. 19, 2015); see also Gridine v. State, 40 Fla. L. Weekly S149 (Fla. Mar. 19, 2015) (quashing decision affirming a juvenile's 70-year sentence for attempted first-degree murder and remanding for resentencing in accordance with Henry).

We do not read Henry or Gridine to require that all juveniles convicted of nonhomicide crimes must be given an opportunity for early release by parole or its equivalent from their term-of-years sentences. Rather, we read those cases to simply hold that juvenile offenders convicted of nonhomicide crimes cannot be sentenced to an individual or aggregate term-of-years sentence that amounts to a *de facto* life sentence that does not afford the offender a meaningful opportunity for release during his or her natural life.

Here, unlike the sentences in Henry (90 years) and Gridine (70 years), the 15-year sentence Lambert received on count 2 does not amount to anything close to a *de facto* life sentence. Indeed, with gain-time, Lambert may still be in his twenties when he is released from prison;[2] and, even without any gain-time, Lambert will be released when he is 31 years old. Moreover, the executive

---

[2] Lambert is eligible to earn gain-time, but he will have to serve at least 85% of his sentence, or 12.75 years. See § 944.275 (4)(b)3., Fla. Stat. Taking into account the 309 days of pre-sentence jail credit Lambert received, it appears that Lambert could be released as early as August 2024 (9/27/12 sentence date + 12.75 years – 309 days) when he is 28 years old.

clemency process is available to Lambert to seek earlier release based on a showing of maturity or rehabilitation. See generally art. IV, § 8(a), Fla. Const.; Ch. 940, Fla. Stat. Accordingly, Lambert's 15-year sentence on count 2 not only affords him a meaningful opportunity for release during his natural life, it guarantees it.

Finally, even if we were to construe Henry and Gridine to require Lambert to be given an opportunity for parole or its equivalent on his nonhomicide offense in count 2, that would not impact Lambert's release from prison because his sentence on that count is the same length as and is concurrent with his sentence on count 1. Lambert has not challenged his sentence on count 1 in this appeal, and as the trial court correctly determined, that sentence is not subject to Graham because count 1 was a homicide offense.

For the foregoing reasons, we affirm the trial court's denial of Lambert's rule 3.800(b)(2) motion and his judgment and sentence.

AFFIRMED.

ROWE and MAKAR, JJ., CONCUR.