PER CURIAM.
Appellant was convicted of attempted second-degree murder and sentenced to 25 years in prison, with a 25-year mandatory minimum term, followed by five years of probation.[1] Appellant committed this offense in 2011 when he was 17 years old.
Appellant raises three issues in this direct appeal. First, he contends that his judgment and sentence should be amended to reflect that he is entitled to a review of his sentence after 15 years under section 921.1402(2)(c), Florida Statutes (2014). Second, he contends that the 25-year mandatory minimum term should be vacated because it violates Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). Third, he contends that the trial court erred in imposing several costs.
We affirm the second issue[2] because even though the mandatory mini *252 mum term will require Appellant to serve his 25-year sentence day-for-day,. the sentence does not amount to a de facto life without parole sentence since Appellant will be in his early forties when he is released from prison. See Lambert v. State, 170 So.3d 74, 2015 WL 3541914, 40 Fla. L. Weekly D1347 (Fla. 1st DCA June 8, 2015) (on motion for clarification) (rejecting argument that juvenile’s 15-year sentence violates Graham because he will be in his late twenties or early thirties when he is released from prison); Austin v. State, 127 So.3d 1286 (Fla. 1st DCA 2013) (affirming juvenile’s 45-year mandatory minimum term because it did not exceed his life expectancy); Thomas v. State, 78 So.3d 644 (Fla. 1st DCA 2011) (affirming juvenile’s 50-year sentence with a 25-year mandatory minimum term because the sentence does not amount to a life without parole sentence even though the juvenile will be in his late sixties when he is released from prison).
We affirm the first issue because, absent a violation of Graham, there is no legal basis to retroactively apply section 921.1402 (or any other provision of the juvenile sentencing legislation enacted in 2014) to the 2011 offense in this case. Cf. Henry v. State, — So.3d -, 2015 WL 1239696, 40 Fla. L. Weekly S147 (Fla. Mar. 19, 2015) (remanding for resentenc-ing in light of the juvenile sentencing legislation adopted in 2014 because the court determined that the 90-year sentence in that case “is unconstitutional under Graham ”).
With respect to the third issue, we accept the State’s confession of error and reverse the imposition of the $195.24 fine and $9.76 surcharge imposed pursuant to sections 775.083(1) and 938.04, Florida Statutes (2010), because those amounts were not orally pronounced by the trial court at the sentencing hearing.[3] See Nix v. State, 84 So.3d 424, 426 (Fla. 1st DCA 2012). On remand, the trial court may reimpose the fine and surcharge after following the proper procedure. Id.
AFFIRMED in part; REVERSED and REMANDED in part.
WOLF, WETHERELL, and BILBREY, JJ., concur.

. Attempted second-degree murder is a second-degree felony, see §§ 782.04(2), 777.04(4)(c), Fla. Stat., but the offense was enhanced to a first-degree felony in this case based on the jury's finding that Appellant actually possessed a firearm during the commission of the offense. See § 775.087(l)(b), Fla. Stat. The mandatory minimum term was imposed based on the jury’s finding that Appellant discharged a firearm during the commission of the offense causing great bodily harm. See § 775.087(2)(a)3„ Fla. Stat.

. We address the second issue first because resolution of the first issue depends on the resolution of the second issue.

. We affirm the other costs challenged by Appellant without further comment.