IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ANTHONY MICHAEL ORTIZ,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-6229

Opinion filed April 4, 2016.

An appeal from the Circuit Court for Suwannee County.
David W. Fina, Judge.

Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Giselle Denise Lylen, Assistant Attorney General, Tallahassee, for Appellee.

BILBREY, J.

      Appellant Anthony M. Ortiz appeals his judgment of conviction and sentences for first degree murder, home invasion robbery while armed with a firearm, and tampering with evidence.  Appellant was 16 years of age when these

offenses were committed on April 28, 2012. We affirm Appellant's convictions; however, we remand for resentencing on count 1, first degree murder.

We find no merit in Appellant's argument that the trial court erred in denying his motion in limine to exclude admission of a ski mask and gloves which were found in a bag with the murder weapon. Given the charge of home invasion robbery, such items were relevant. See McDuffie v. State, 970 So. 2d 312 (Fla. 2007) (explaining relevant evidence is evidence which tries to prove or disprove a material fact). We also find no merit in Appellant's argument that the trial court erred in excluding reverse Williams rule evidence,[1] since the proffered evidence was too dissimilar to the defense claimed by Appellant to be relevant. Further, we find no basis to overturn the trial court's finding that the proffered testimony was not believable.

As to the claim that the trial court erred in denying Appellant's request for a 12-person jury, this Court has already held that a 12-person jury is not required when a defendant is charged with first degree murder if the offense was committed as a juvenile. Walling v. State, 105 So. 3d 660 (Fla. 1st DCA 2013). Appellant argues our decision in Walling constitutes an intrusion into the dominion of the Florida Legislature which alone has the authority to define what constitutes a

---

[1] Reverse Williams rule evidence is evidence offered by the defense pursuant to section 90.404(2), Florida Statutes. See Rivera v. State, 561 So. 2d 536 (Fla. 1990), and State v. Savino, 567 So. 2d 892 (Fla. 1990).

capital offense. While it is true that first degree murder is a capital felony pursuant to section 782.04(1)(a), and that section 913.10 mandates a 12-person jury in "all capital cases," a capital case for purposes of Chapter 913, Florida Statutes, is a case where the death penalty is legally possible. The death penalty has not been legally possible for an offense committed by a juvenile since Roper v. Simmons, 543 U.S. 551 (2005). The Florida Legislature plainly understands a capital case for purposes of chapter 913 is one where the death penalty is possible as evidenced by section 913.13, which excludes from jury service in a capital case any person who has an opposition to the death penalty.

Appellant's last issue raises the constitutionality of the sentences he received. Appellant's sentences were imposed after Miller v. Alabama, 132 S. Ct. 2455 (2012), was decided. Miller declared unconstitutional any mandatory sentence of life without the possibility of parole imposed for a murder committed by a juvenile. In the wake of Miller, the Florida Legislature has amended the statutory sentencing scheme for juveniles. Ch. 2014-220, Laws of Fla.[2] Under the revised law, a defendant who has been convicted of a capital homicide offense who "actually killed, intended to kill, or attempted to kill the victim" must receive a life sentence if the trial court determines that a life sentence is appropriate after

---

[2] This law revised section 775.082, Florida Statutes, and added sections 921.1401 and 921.1402, Florida Statutes.

considering certain factors in a separate sentencing proceeding. § 775.082(1)(b)1, Fla. Stat.

While Chapter 2014-220 has an effective date of July 1, 2014, the Florida Supreme Court has made the revised sentencing scheme retroactive to those sentences invalidated by Miller but imposed for offenses committed before the effective date of the new law. Horsley v. State, 160 So. 3d 393 (Fla. 2015). While the State did present some of the relevant criteria for sentencing under section 921.1401, Florida Statutes, in Appellant's prior sentencing hearing, Appellant did not receive the sort of individualized sentencing hearing mandated by Horsley and section 921.1401. Further, based on Horsley v. State, 121 So. 3d 1130 (Fla. 5th DCA 2013), the trial court believed it had no choice but to sentence Appellant to life with the possibility of parole after 25 years.[3] As mentioned above, under the revised scheme, a sentence of 40 years or more is required. § 775.082(1)(b)1, Fla. Stat. Appellant is not entitled to parole since the Florida Supreme Court in Horsley explicitly rejected parole's statutory revival. Id., 160 So. 3d at 406-07. Furthermore, unless he has a disqualifying conviction under section 921.1402(2)(a), Florida Statutes, Appellant will be entitled to the sentence review after 25 years as provided by section 921.1402, Florida Statutes, under Horsley. Id. at 408. Therefore, resentencing is required as to count 1, first degree murder.

---

[3] The Fifth District's decision in Horsley was quashed by the Florida Supreme Court after Appellant was sentenced. Horsley, 160 So. 3d at 409.

As for Appellant's mandatory sentence of fifty years for count 2, home invasion robbery with a firearm, this Court's decision in Kelsey v. State, __So. 3d__, 40 Fla. L. Weekly D1291 (Fla. 1st DCA May 29, 2015), *rev. granted*, No. SC15-2079 (Fla. Nov. 19, 2015), requires affirmance. While Appellant argues that Henry v. State, 175 So. 3d 675 (Fla. 2015), requires resentencing, we have held that resentencing is required for a non-homicide offense committed by a juvenile only if the sentence imposed is life or the equivalent thereof. We have previously held that concurrent 50-year terms for armed robbery and aggravated battery are not the functional equivalent of life sentences. Thomas v. State, 78 So. 3d 644 (Fla. 1st DCA 2011).[4] Thus, pursuant to Kelsey, we affirm the sentence for count 2.

Accordingly, Appellant's convictions are AFFIRMED; his sentence for count 2 is also AFFIRMED; however, we vacate the sentence imposed for count 1 and remand for resentencing pursuant to Horsley.

KELSEY, J., CONCURS; THOMAS, J., CONCURS IN PART WITH OPINION.

---

[4] We have also held that without a violation of Graham v. Florida, 560 U.S. 48 (2010), that is, without the improper imposition of a de facto life sentence, a defendant has no entitlement to the sentence review hearing added by Chapter 2014-220, Laws of Florida, in section 921.1402, Florida Statutes. See Kelsey; Lambert v. State, 170 So. 3d 74 (Fla. 1st DCA 2015); and Abrakata v. State, 168 So. 3d 251 (Fla. 1st DCA 2015). We recognize the anomaly that the Appellant will receive a sentence review under section 921.1402(2)(a), for his first degree murder conviction but not for home invasion robbery while armed with a firearm. Such is the current state of our precedent which we are bound to follow.

THOMAS, J., concurring in part.

I fully concur with the majority opinion, except as to the last two sentences of footnote four.