THOMAS, J.
This appeal follows Appellant’s resen-tencing as to one count based on Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). Appellant asserts that the lower court erred and he is entitled to resentencing under Graham and its progeny, including the recent juvenile sentencing legislation and Florida Supreme *343 Court decisions. Based, on this court’s binding precedent, we affirm.
Appellant was convicted of carjacking with a firearm (count 1), attempted second degree murder (count 2), and attempted armed robbery (count 3). He was originally sentenced to 20 years in prison with a minimum mandatory of 10 years as to count 1, life in prison with a minimum mandatory of 25 years as to count 2, and 25 years with a minimum mandatory of 25 years as to count 3. Subsequently, based upon Graham, he was granted resentenc-ing as to count 2.
Appellant was age 16 years 10 months at the time he committed the offenses in this case., Appellant’s counsel presented witnesses at resentencing who testified to Appellant obtaining his GED while In prison. Conversely, the State presented evidence that Appellant had received approximately 12 disciplinary reports while in. prison. The mother of the victim in count 2 testified at resentencing that her son was 22 years old when Appellant shot him, which paralyzed her son for life. She further informed the court that her son could never have children. Additionally, the victim’s mother testified that her son continued to have hospital stays every month due to infections and bed sores.
The lower court ultimately resentenced Appellant in count 2 to 35 years with a minimum mandatory of 25 years, followed by 15 years of probation, to run consecutive to count 1. The amended judgment reflects that count 3 was to still run concurrent with count 2. The' court rejected Appellant’s arguments that he had to be resentenced again as to all three counts under the 2014 juvenile sentencing legislation, relying on this court’s recent opinion in Lambert v. State, 170 So.3d 74 (Fla. 1st DCA 2015). The court found that his new aggregate sentence would require him to serve at least 52 years in prison, and his earliest eligibility for release would be at age 66 years 8 months; if serving his full 55-year sentence, he would be released at age 69 years. 8 months. The court noted a life expectancy between 73 and 84.4 years, concluding that because his age upon release did not exceed his life'expectancy, his aggregate sentences did not constitute a defacto life sentence.
We agree that Lambert, as well as this court’s, more recent opinions in Abrakata v. State, 168 So.3d 251 (Fla. 1st DCA 2015), and Kelsey v. State, 183 So.3d 439 (Fla. 1st DCA 2015) (on motion for rehearing), review granted, 2015 WL 7720518 (Fla. Nov. 19, 2015), are binding precedent. Thus, we hold that Appellant’s aggregate sentence-of 55 years does not amount to a defacto life sentence. :
In light of our binding precedent and the horrific injuries and the excruciating pain, and suffering that Appellant’s crimes caused the victim, we find the sentence imposed by the trial court here to be legally valid and within that court’s proper discretion. Furthermore, because Appellant’s sentence is both legal and constitutional, as it is not a de facto life sentence, we must respectfully disagree with the concurring opinion, as Appellant is not entitled to resentencing under - sections 775.082(3)(c) and 921.1402(2)(d), Florida Statutes. First, of course, this is because the terms of those relevant provisions clearly exclude retroactive application, which by their terms apply only to offenses committed after July 1,2014.
In addition, however, even were the clear statutory terms precluding retroac-tivity to be deemed inapplicable somehow, because Appellant’s sentence is not unconstitutional, he cannot be entitled to a retroactive application of these statutes under Article X,- section nine of the Florida Constitution. Although the Florida Supreme *344 Court determined that this obstacle had to be disregarded in Horsley v. State, 160 So.3d 393, 405 (Fla.2015), when it retroactively applied Chapter 2014-220, Laws of Florida, it did so precisely because the sentence in that case was unconstitutional under the Eighth Amendment to the United States Constitution.
Here, no mandatory life sentence has been imposed, and neither is Appellant’s sentence equivalent to a life sentence; thus, the rationale of Henry v. State, 175 So.3d 675 (Fla.2015) (holding that juvenile’s 90-year sentence is unconstitutional and is thus entitled to resentencing under ch. 2014-220, Laws of Florida, and Hors-ley ), is not applicable here. As a result, there is neither a legal nor a policy rationale for speculating whether Appellant should be entitled to further sentencing relief.
Article X, section nine of the Florida Constitution, commonly referred to as the “Savings Clause,” provides: “Repeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed.” This provision of organic law prohibits the Legislature from retroactively reducing or mitigating the punishment for a crime “previously committed.” In fact, the Florida Supreme Court has recognized that under this constitutional limitation, the Legislature cannot retroactively expand a substantive defense to a criminal prosecution. Smiley v. State, 966 So.2d 330, 336-37 (Fla.2007) (holding that statutory provision regarding “stand your ground” defense could not be applied to cases pending at time of statutory adoption). Although it is correct that the Savings Clause was not followed in Hors-ley, this was only because the life sentence there conflicted with the higher authority of the Eighth Amendment to the United States Constitution, as interpreted by the United States Supreme Court:
Here, however, the statute in effect at the time of the crime is unconstitutional under Miller [v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012)] and the federal constitution, so it cannot, in any event, be enforced. The ‘Savings Clause’ therefore does not apply.
Even if this state constitutional provision were to apply, though, the requirements of the federal constitution must trump those of our state constitution. See, U.S. Const, art. IV, cl. 2.
Horsley, 160 So.3d at 406.
Our discussion of Horsley does not disregard binding precedent of the Florida Supreme Court, but simply notes that the decision in Horsley addresses an unconstitutional sentence where a remedy was not available. Appellant’s current sentence is both lawful and constitutional, as both the majority and concurring opinions recognize. While the concurring opinion would expand the decision in Horsley to apply here, we think such a result would contravene the clear statutory language prohibiting retroactive application of the statutes, and the Florida Constitution provision prohibiting the Legislature from retroactive application of a more lenient sentence to a previously imposed lawful sentence. To apply the more lenient statute here by judicial decision would violate Florida’s strict separation of powers, contrary to article II, section three of the Florida Constitution, and in any event, such a result is barred by article X, section nine of the Florida Constitution. Thus, we affirm Appellant’s sentence as consistent with our binding precedent.
AFFIRMED.
KELSEY, J., concurs; BILBREY, J., specially concurring with opinion.