# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3928

_____

SHAMAR LAVONE MCCULLUM,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Steven B. Whittington, Judge.

February 5, 2019

WINSOR, J.

Shamar McCullum appeals the denial of his motion to correct illegal sentence. We affirm.

In 2006, McCullum pleaded guilty to armed robbery and attempted second-degree murder. The court sentenced McCullum—a juvenile at the time of the crime—to concurrent terms of life imprisonment without the possibility of parole. McCullum appealed his sentence, and this court affirmed without opinion. *McCullum v. State*, 41 So. 3d 896 (Fla. 1st DCA 2010) (table).

Later, McCullum filed a motion under Florida Rule of Criminal Procedure 3.800(a), arguing his life sentences were unconstitutional under *Graham v. Florida*, 560 U.S. 48 (2010). The

trial court denied the motion, but this court reversed and remanded for resentencing. *McCullum v. State*, 60 So. 3d 502 (Fla. 1st DCA 2011). On resentencing, McCullum got concurrent fifty-year sentences, and he again appealed. While that appeal was pending, McCullum was resentenced yet again (on an unrelated basis), receiving the sentence he is currently serving: fifty years for armed robbery and twenty-five years (concurrent) for attempted second-degree murder.

In 2015, this court affirmed McCullum's current sentences. *McCullum v. State*, 173 So. 3d 1056 (Fla. 1st DCA 2015). McCullum had argued that his sentence still violated *Graham* because it precluded any possibility of release for fifty years. He also argued that he should be eligible for sentence review under section 921.1402—Florida's post-*Graham* juvenile sentencing statute. He acknowledged that the statute said it would apply prospectively only and that it was enacted after his crime. But he nonetheless argued the statutory process should apply to his sentence.

This court affirmed through a citation PCA. *McCullum*, 173 So. 3d at 1056. We cited two cases: *Abrakata v. State*, 168 So. 3d 251 (Fla. 1st DCA 2015) and *Thomas v. State*, 78 So. 3d 644 (Fla. 1st DCA 2011). *Id.* The first case (*Abrakata*) held that "absent a violation of *Graham*, there is no legal basis to retroactively apply section 921.1402." 168 So. 3d at 252. The second case (*Thomas*) concluded that a fifty-year sentence was not a life sentence under *Graham*. 78 So. 3d at 646-47.

More than a year after we affirmed McCullum's sentences, the Florida Supreme Court decided *Kelsey v. State*, 206 So. 3d 5 (2017). The court held that for "a narrow class of juvenile offenders, those resentenced from life to term-of-years sentences after *Graham*, for crimes committed before [section 921.1402]'s July 1, 2014, effective date," resentencing is appropriate. *Id.* at 11. Before *Kelsey*, McCullum had petitioned the Florida Supreme Court for review of our decision in his case. After the supreme court decided *Kelsey*, it denied McCullum's petition. *McCullum v. State*, SC15-1770, 2017 WL 24756, at *1 (Fla. Jan. 3, 2017). Two Justices dissented, citing *Kelsey* and other cases and concluding that this court's decision

2

conflicted with supreme court precedent and that McCullum was entitled to another resentencing.

After all of that, McCullum filed another motion to correct illegal sentence. Again, McCullum argues that he is entitled to resentencing under *Graham*, and he now further argues that he is entitled to relief under *Kelsey*. But the law-of-the-case doctrine precludes our readdressing issues McCullum already pursued unsuccessfully, including his argument about *Kelsey*. *See State v. McBride*, 848 So. 2d 287, 290-91 (Fla. 2003) (explaining law-of-case doctrine). We find that the law-of-the-case's manifest-injustice exception is inapplicable here, so we affirm.

AFFIRMED.

ROBERTS and RAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Shamar Lavone McCullum, pro se, Appellant.

Ashley B. Moody, Attorney General, and Barbara Debelius, Assistant Attorney General, Tallahassee for Appellee.