PER CURIAM.
Appellant, Thomas Kelsey, was initially sentenced to concurrent sentences of two terms of life and two terms of 25 years in prison for the nonhomicide offenses of armed burglary with an assault or battery, armed robbery, and two counts of sexual battery, which he committed in 2002, at the age of fifteen. He was subsequently re-sentenced to concurrent 45-year sentences pursuant to Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), and its progeny. He now asks this Court to vacate those sentences and remand for resentencing under section 775.082(3)(c), Florida Statutes, in light of the Florida Supreme Court’s recent decision in Henry v. State, 175 So.3d 675 (2015), so that he may benefit from the new sentence review mechanism of sections 921.1401 and 921.1402, Florida Statutes. Even if Mr. Kelsey were entitled to resentencing under Henry, which applied the new sentence review statute to a Gra-/iam-eligible defendant, he is not entitled to the benefit of the new sentence review statute because his previous convictions for another separate armed robbery and conspiracy to commit armed robbery disen-title him to relief. See § 921.1402(2)(a), Fla. Stat. (2014) (“a juvenile offender is not entitled to review if he or she has previously been convicted of one of the following offenses, or conspiracy to commit one of the following offenses ... armed robbery.”).
AFFIRMED.
CLARK and MAKAR, JJ., concur; BENTON, J., concurs in result.