PER CURIAM.
Jason Allen, through appointed counsel, appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion alleges that in 1998 Allen was sentenced to unconstitutional mandatory life sentences in prison without the possibility of parole for first-degree murder and armed robbery based on a special finding that he used, carried, or displayed a firearm. He was a 17-yearTold juvenile at the time of his offenses. Thus, Allen claims he is entitled to resentencing under Miller v. Alabama, — U.S.-,-, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012) and Graham v. Florida, 560 U.S. 48, 74-75, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). The State concedes these errors. We agree that relief is warranted and reverse the order summarily denying Allen’s claims.
The Florida Supreme Court held that the Miller decision applies retroactively to all juvenile offenders whose convictions were final when Miller was decided. Falcon v. State, 162 So.3d 954, 960-62 (Fla. 2015). Therefore, it is undisputed that Allen is entitled to resentencing for his murder conviction. Although Allen also raised a Graham claim, with regard to his non-homicide armed robbery, conviction, the trial court failed to address this claim. See 560 U.S. at 74-75, 130 S.Ct. 2011 . Accordingly, we remand to the trial court for it to consider the Graham claim on the merits. Alzamora v. State, 152 So.3d 865 (Fla. 5th DCA 2014) (finding that because the trial court failed to address a claim, *1015 remand was necessary so that it could properly consider that claim).
REVERSED and REMANDED.
LAWSON, C.J., PALMER and BERGER, JJ., concur.