BILBREY, J.,
specially concurring.
In this juvenile resentencing case following Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), the majority opinion affirms based on our recent cases Lambert v. State, 170 So.3d 74 (Fla. 1st DCA 2015); Abrakata v. State, 168 So.3d 251 (Fla. 1st DCA 2015); and Kelsey v. State, 183 So.3d 439 (Fla. 1st DCA 2015), rev. granted, — So.3d -, 2015 WL 7720518 (Fla. Nov. 19, 2015). I agree that the term of years sentence Appellant received for count 2, attempted second degree murder, on resentencing in September 2014 did not amount to a de facto life sentence and therefore was constitutional under these cases interpreting Graham. .
I write with regard to the issue whether Appellant is entitled to the benefit of a review of his sentence for count 2 after 20 years pursuant to the revisions to sections 775.082(3)(c) and 921.1402(2)(d), Florida Statutes (2014), as provided by Chapter 2014-220, Laws of Florida. Both the-Appellant and the State raise the issue of sentence review in their briefs, but both parties seem to believe the availability of sentence review is tied to whether the term of years sentence is unconstitutional. Based on our precedent in Lambert, Abra-kata, and Kelsey, I'can see why the parties have this misunderstanding. While I would affirm the term of years sentence based on these cases, I would do so without prejudice to the Appellant filing another motion under rule 3.850(a)(1) & (h), Florida Rules of Criminal Procedure,[1] attacking the sentence for count 2, because the sentence does not provide for sentence review.
In 2007, Appellant was sentenced to life in prison with a minimum mandatory of 25 years for attempted second degree murder which left the; victim grievously injured. Following the decision in Graham and successful postconviction motions, Appellant was resentenced in'Septembei 2014 on this count to 35 years with a ’mandatory minimum term of 25 years.
At the time Appellant was resentenced, the post-Graham revisions to sections 775.082 and 921.1402, Florida Statutes, were in effect, having become law as of July 1, 2014. Section 775.082(3)(c) provides for a review after 20 years per section 921.1402(2)(d) of “a person who is sentenced to a' term of iiñprisonment of more than 20 years." But section 921.1402(2)(d) applies to “a juvenile offender” and “juvenile offender” is defined in section 921.1402(1), as someone sentenced for an offense committed on or after July 1, 2014. Since Appellant was sentenced for a crime committed before July 1, 2014, a question arises as to whether he gets the benefit of the sentence review provided in section 921.1402(2)(d).
On the issue of statutory interpretation, the first determination is whether “person” under section 775.082(3)(c), Florida Statutes (2014), is more expansive than “juvenile offender” under section 921.1402(2)(d). If permitted to make this‘determination, I would hold that section' 775.082(3)(c) shoúld be applied to expand the class entitled to review under section 92l.l402(2)(d). To hold otherwise1 would make the last sentence of section 775.082(3)(c) surplus-age in violation of well-settled rules of statutory construction. See Hechtman v. Nations Title Ins. of New York, 840 So.2d 993, 996 (Fla.2003) (“[Significance and effect must be given to every word, phrase, sentence, and part of the statute if possible.”).
*346 If the meaning of section 775.082(3)(c) were still thought to be ambiguous after applying other established rules of statutory construction, I would then apply the rule of lenity to Appellant and anyone resentenced under section 775.082(3)(c) pursuant to Graham, even if the resen-tencing was. for an offense committed before July 1, 2014, so as to allow for the benefit of a sentence review under section 921.1402(2)(d). See 4 775.021(1), Fla. Stat. (2014); Kasischke v. State, 991 So.2d 803, 814 (Fla.2008) (“[A]ny ambiguity or situation in which statutory language is susceptible to differing constructions must be resolved in favor of the person charged with an offense.”).
Furthermore, if the rules of statutory construction applied to sections 775.082(3)(c) and 921.1402 were unable to resolve the issue of whether Appellant is entitled to. a sentence review, I would then look to Article I, Section 'll of the Florida Constitution and the Eighth Amendment of the United States Constitution.[2] I believe the constitutional requirements of Graham prohibit:.
[T]he state trial courts from. sentencing juvenile nonhomicide offenders to prison terms that ensure these offenders will be imprisoned without obtaining a meaningful opportunity to obtain future early release during their natural lives based on their demonstrated maturity and rehabilitation.
Henry, 175 So.3d at 680 (emphasis added); The possibility of a few years of gain time accruing before the end of an offender’s life expectancy is not in my view a meaningful opportunity for early release as required by Graham.[3]
In Hem-y the Florida Supreme Court unanimously stated:
[W]e conclude that the Eighth Amendment will not tolerate prison sentences that lack a reyiew mechanism for evaluating this special class of offenders for demonstrable maturity and reform in the future.
175 So.3d at 680. I believe this statement mandates on Eighth Amendment grounds the application of section 921.1402(2)(d), even if my statutory interpretation concerns above are wrong. In Horsley v. State, 160 So.3d 393, 405 (Fla.2015), the Florida Supreme Court retroactively applied- Chapter 2014-220, Laws of Florida, “on all those juvenile offenders whose-offenses were committed prior to that date but whose sentences are nevertheless unconstitutional under Miller.” It makes no sense to me that nonhomicide offenders would be entitled to less Eighth Amendment protection when resentenced under Graham than homicide offenders are when resentenced under Miller. See Kelsey, 183 So.3d at 444-47 (Benton, J., dissenting).
This Court’s recent precedent is distinguishable from Appellant’s situation, at least with regard to any statutory entitlement to sentence review. In Abrakata and Lambert there were no Graham violations at any time in the sentencing of those defendants. They were not resentenced under, the Chapter 2014-220, Laws of *347 Florida, revisions, so they were not entitled to the sentence review added by section 921.1402.
In Kelsey there had been a resentencing following Graham. The appellant there asked our Court to direct that he again be resentenced because, although he was re-sentenced following Graham, he was not provided “the new sentence review mechanism of sections 921.1401 and 921.1402, Florida Statutes.” Kelsey, 183 So.3d at 439. But the appellant in Kelsey was disqualified from any sentence review “because his previous convictions for another separate armed robbery and conspiracy to commit armed robbery disentitle him to relief.” Id. citing § 921.1402(2)(a), Fla. Stat. (2014).
Finally, the majority opinion claims that Article X, Section 9 of the Florida Constitution, commonly known as the “Savings Clause” precludes the retroactive application of sentence review since Appellant’s current 35 year sentence for count 2, attempted murder, is not unconstitutional under our precedent. I respectfully submit that the majority reads Horsley too narrowly in reaching this conclusion. As the unanimous Florida Supreme Court stated in Horsley:
As this Court has previously acknowledged, the purpose of the “Savings Clause” is to require the statute in effect at the time of the crime to govern the sentence an offender receives for the commission of that crime. See Castle v, State, 330 So.2d 10, 11 (Fla.1976). Here, however, the statute in effect at the time of the crime is unconstitutional under Miller and the-federal constitution, so it cannot, in any event, be enforced. The “Savings Clause” therefore does not apply-
160 So.3d at 406.
In rejecting the “Savings Clause,” in Horsley the Court emphasized that the remedy for Florida’s unconstitutional scheme could not be cobbled out of the law as it existed prior to the enactment of Chapter 2014-220. Id. at 405-06. As- the Court in Horsley explained:
Even if this state constitutional provision were to apply, though, the requirements of the federal constitution must trump those of our state constitution. See U.S. Const, art. VI, cl. 2. In other words, fashioning a remedy that complies with the Eighth Amendment must take precedence over a state constitutional provision that would prevent this Court from effectuating that remedy. The “Savings Clause” thus does not preclude the application of chapter 2014-220, Laws of ■ Florida, under these unique circumstances. '
Id. at 406.[4]
Just as in Horsley, the statute in effect at the time of Appellant’s initial sentence which allowed for and resulted in a life sentence for count 2 was unconstitutional. § 782.04(2), Fla. Stat. (2005). Therefore, just as in Horsley, the appropriate remedy *348 for the unconstitutional life sentence was a constitutional, term of years sentence— which, following our precedent, the trial court imposed upon resentencing — and the meaningful opportunity for early release as mandated by Graham and Henry. So far, Appellant has only received half the remedy to which he is entitled for his initial unconstitutional life sentence issued under an unconstitutional statute.[5]
Whether on statutory or constitutional grounds, I would make it clear that Appellant has the right to seek sentence review in the trial court, our affirmance of his term of years sentence notwithstanding.

. A timely rule 3.850 motion can be used to raise a claim that a sentence is unconstitutional under Graham. See Allen v. State, 176 So.3d 1014 (Fla. 5th DCA 2015).

. Article I, Section 17 of the Florida Constitution requires us to construe the prohibition against cruel and unusual punishment'in conformity with the Eighth Amendment to the United States Constitution.

. It should be emphasized that the only issue under consideration is a meaningful opportunity for early release, not entitlement to release. The trial courts are given broad discretion under section 921.1402(6), Florida Statutes, to consider "any factor” deemed appropriate. The opinion of a victim and the culpability of a defendant are among the factors that a trial court can consider. § 921.1402(6)(c) & (d), Fla. Stat.

. The majority opinion contends that by imposing a constitutional term of years sentence, the holding in Horsley has been complied with. I respectfully disagree and note that while we are free to call into question a decision of the Florida Supreme Court, we are not free to ignore it. Hoffman v. Jones, 280 So.2d 431 (Fla.1973); see also Johnson v. Johnson, 284 So.2d 231 (Fla. 2d DCA 1973) ("We receive the statutory law from the legislature and its interpretation from our Supreme Court, agreeing with some, disagreeing with some,' following all, because our bondage to law is the price of our freedom.”). Likewise the Florida Supreme Court was mandated to follow the United States Supreme Court decisions in Graham and Miller, no matter what the Florida justices thought about the wisdom of the decisions. See Marshall v. Crosby, 911 So.2d 1129 (Fla.2005); Art. I, § 17, Fla. Const.

. Thus, I submit that it is incorrect to say in this case that "Although it is correct that the Savings Clause was not followed in Horsley, this was only because the life séntence there conflicted with the higher authority of the Eighth Amendment to the United States Constitution.” (Majority at 344). Appellant’s initial sentence was a case which violated the Eighth Amendment. Thus, he was entitled to the full remedy afforded by Chapter 2014 — 220 per Horsley. By arguing that Appellant is entitled to only a part of the remedy, the majority would restore at least part of a sentencing scheme (the inability to obtain early release from a term of years sentence) which has been deemed unconstitutional by the United States Supreme Court in Graham.