IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAMIE LYNN TYSON,

        Appellant,

 v.                                 Case No.  5D15-4050

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed September 2, 2016

3.850 Appeal from the Circuit Court
for Hernando County,
Stephen E. Toner, Jr., Judge.

Jamie Lynn Tyson, Century, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Roark Wall,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Jamie Lynn Tyson ("Appellant") appeals the trial court's denial of his Florida Rule

of Criminal Procedure 3.850 motion for postconviction relief. Appellant was convicted of

robbery with a weapon, conspiracy to commit robbery with a deadly weapon, and

evidence tampering. The trial court sentenced Appellant, then 17 years old, to 30 years

for robbery with a weapon, 15 years for conspiracy, and 5 years for evidence tampering.

Appellant's sentences were to run consecutively. Appellant argues, and we agree, that

his sentences violate <u>Henry v. State</u>, 175 So. 3d 675 (Fla. 2015), by not affording him a meaningful opportunity for early release based upon demonstrated maturity and rehabilitation. We vacate Appellant's sentences, remand for resentencing, certify conflict with the First and Second District Courts, and certify four questions of great public importance to our supreme court.

In <u>Graham v. Florida</u>, the United States Supreme Court held that the Eighth Amendment prohibits the imposition of a life-without-parole sentence for a juvenile offender who did not commit a homicide. 560 U.S. 48, 52 (2010). The Court explained its holding as follows:

> A State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the State must do, however, is give defendants like Graham <u>some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation</u>. It is for the State, in the first instance, to explore the means and mechanisms for compliance. It bears emphasis, however, that while the Eighth Amendment prohibits a State from imposing a life without parole sentence on a juvenile nonhomicide offender, it does not require the State to release that offender during his natural life. Those who commit truly horrifying crimes as juveniles may turn out to be irredeemable, and thus deserving of incarceration for the duration of their lives. The Eighth Amendment does not foreclose the possibility that persons convicted of nonhomicide crimes committed before adulthood will remain behind bars for life. It does prohibit States from making the judgment at the outset that those offenders never will be fit to reenter society.

<u>Id.</u> at 75 (emphasis added).

In response to <u>Graham</u>, our Legislature amended three statutory sections concerning juvenile sentencing, effective on July 1, 2014. <u>See</u> ch. 2014-220, Laws of Fla.[1]

---

[1] Now codified in sections 775.082, 921.1401, 921.1402, Florida Statutes (2014).

2

The new juvenile sentencing framework does not prohibit lengthy term-of-years sentences; rather, it establishes a review mechanism whereby the sentencing court can modify the sentence based upon demonstrated maturity and rehabilitation. Id.

After this new framework took effect, our supreme court issued its opinion in Henry, addressing whether Graham applies to lengthy term-of-years sentences. Henry, 175 So. 3d at 676. The court answered that question in the affirmative:

> [W]e have determined that Graham applies to ensure that juvenile nonhomicide offenders will not be sentenced to terms of imprisonment without affording them a meaningful opportunity for early release based on a demonstration of maturity and rehabilitation.
>
> In light of Graham, and other Supreme Court precedent, we conclude that the Eighth Amendment will not tolerate prison sentences that lack a review mechanism for evaluating this special class of offenders for demonstrable maturity and reform in the future because any term of imprisonment for a juvenile is qualitatively different than a comparable period of incarceration is for an adult.

Id. at 680 (citation omitted). Finding that the defendant's 90-year sentence violated Graham, the court reversed and remanded for resentencing with retroactive application of the new sentencing framework. Id. On the same date our supreme court issued Henry, it determined that a juvenile's 70-year sentence likewise violated Graham. Gridine v. State, 175 So. 3d 672, 674-75 (Fla. 2015). Accordingly, the court remanded for resentencing with retroactive application of sections 775.082(3)(c), 921.1401, and 921.1402. Id. at 675.

In light of the foregoing, our court has determined that a term-of-years sentence that does not afford a meaningful opportunity for early release based on demonstrated maturity and rehabilitation violates Graham, requiring resentencing with retroactive

3

application of the new sentencing framework. See, e.g., Peterson v. State, 193 So. 3d 1034 (Fla. 5th DCA 2016). Conversely, the First District Court has held that a similar sentence does not violate Graham, thus retroactive application is not warranted. Kelsey v. State, 183 So. 3d 439, 442 (Fla. 1st DCA 2015), on reh'g (Nov. 9, 2015), review granted, SC15-2079, 2015 WL 7720518 (Fla. Nov. 19, 2015); see also Williams v. State, 41 Fla. L. Weekly D508 (Fla. 2d DCA Feb. 26, 2016) ("The postconviction court correctly denied [defendant's] claim. [Defendant] would be entitled to be resentenced only if his sentence violated Graham." (citation omitted)).

In Peterson, our court determined that the defendant's 56-year sentence could not stand under Graham and its progeny. Peterson, 193 So. 3d at 1039. We relied on the Florida Supreme Court's holding in Thomas v. State, 177 So. 3d 1275 (Fla. 2015), which quashed the First District Court's decision in Thomas v. State, 135 So. 3d 590 (Fla. 1st DCA 2014). In Thomas, the First District Court upheld a juvenile defendant's 30-year sentence for armed robbery, concurrent with his 40-year sentence for first-degree murder. 135 So. 3d at 590. Though not a life sentence, our supreme court reversed and remanded for resentencing "in conformance with the framework established in chapter 2014-220, Laws of Florida." Thomas, 177 So. 3d at 1275 (citation omitted). We noted in Peterson that, because the juvenile in Thomas committed a homicide, his sentence implicated Miller,[2] not Graham. Peterson, 193 So. 3d at 1038. Nonetheless, we highlighted the potentially inconsistent result of not reversing the juvenile's sentence:

> Though Thomas involved a juvenile who committed a homicide, thereby implicating Miller and not Graham, as noted

---

[2] Miller v. Alabama, 132 S.Ct. 2455 (2012) (holding that the Eighth Amendment prohibits sentencing schemes mandating life-without-parole sentences for juvenile homicide offenders).

4

by Judge Benton in his dissenting opinion in <u>Kelsey</u>, if the constitutionality of a juvenile nonhomicide offender's sentence is based solely on whether the juvenile received a de facto life sentence, then, pursuant to <u>Thomas</u>, a juvenile homicide offender whose forty-year sentence is invalid, and therefore entitled to resentencing under the new juvenile sentencing law, is actually treated more favorably than a juvenile nonhomicide offender, such as Mr. Kelsey, whose forty-five-year sentence was affirmed as constitutional.

<u>Id.</u> (citing <u>Kelsey</u>, 183 So. 3d at 447 n.6 (Benton, J., dissenting)). Accordingly, we vacated the defendant's sentence and remanded for resentencing consistent with the new juvenile sentencing framework. <u>Id.</u>

Relying on <u>Peterson</u>, we conclude that Appellant's composite 45-year sentence violates <u>Graham</u> and its progeny. Importantly, we do not suggest that the trial court cannot sentence Appellant to 45 years' incarceration. Rather, the sentence imposed upon remand must include the requirement that Appellant is entitled to review of his sentence after serving 20 years. <u>See</u> § 921.1402(2)(d), Fla. Stat. (2014).

Having concluded that Appellant's sentence violates <u>Graham</u>, we certify conflict with the following decisions upholding sentences longer than or equal to Appellant's, without retroactive application of the new sentencing framework: <u>Collins v. State</u>, 189 So. 3d 342 (Fla. 1st DCA 2016); <u>Williams</u>, 41 Fla. L. Weekly D508; <u>Kelsey</u>, 183 So. 3d 439; <u>Austin v. State</u>, 127 So. 3d 1286 (Fla. 1st DCA 2013); <u>Thomas v. State</u>, 78 So. 3d 644 (Fla. 1st DCA 2011).

Additionally, we certify the same four questions of great public importance that we did in <u>Peterson</u>:

> 1. DOES <u>HENRY V. STATE</u>, 175 So. 3d 675 (Fla. 2015), ONLY APPLY TO LENGTHY TERM–OF–YEARS SENTENCES THAT AMOUNT TO DE FACTO LIFE SENTENCES?

5

2. DOES HENRY APPLY RETROACTIVELY TO SENTENCES THAT WERE FINAL AT THE TIME HENRY WAS DECIDED?

3. IF HENRY ONLY APPLIES TO DE FACTO LIFE SENTENCES, THEN, IN DETERMINING WHETHER A TERM–OF–YEARS SENTENCE IS A DE FACTO LIFE SENTENCE, SHOULD FACTORS SUCH AS GENDER, RACE, SOCIOECONOMIC STATUS, AND POTENTIAL GAIN TIME BE CONSIDERED?

4. IF SO, AT WHAT POINT DOES A TERM–OF–YEARS SENTENCE BECOME A DE FACTO LIFE SENTENCE?


VACATED; REMANDED for RESENTENCING; CONFLICT CERTIFIED; QUESTIONS CERTIFIED.


ORFINGER, COHEN and WALLIS, JJ., concur.