POLSTON, J.,
dissenting.
When Kelsey was fifteen years old, he committed burglary and raped a pregnant woman at knifepoint in front of her two small children. Unlike the majority, I would approve the First District Court of Appeal’s decision affirming Kelsey’s resen-tencing for these crimes. I also would answer the question as certified in the negative and hold that “a defendant whose initial sentence for a nonhomicide crime violate[d] Graham v. Florida, and who [was] résentenced to concurrent forty-five year terms, is [not] entitled to a new re-sentencing under the framework established in chapter 2014-220, Laws of Florida.” Kelsey v. State, 183 So.3d 439, 442 (Fla. 1st DCA 2015).
In Graham v. Florida, 560 U.S. 48, 82, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), the United States Supreme Court held the following:
The Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide. A State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term.
Subsequently, this Court in Henry v. State, 175 So.3d 675, 676 (Fla. 2015), reviewed a district court decision holding that Graham “does not apply to term-of-years prison sentences because- such sentences do not constitute life imprisonment.” This Court- disagreed and held “that Graham does apply and that the sentence at issue will not provide a meaningful opportunity for release.” Id. Specifically, this Court explained that “Graham requires a juvenile nonhomicide offender, such as Henry, to be afforded such an opportunity during his or her natural life.” Id. at 679. Then, this Court explained that, “[b]ecause Henry’s aggregate sentence, which totals ninety years and requires him to be imprisoned until he is at least nearly ninety-five years old, does not afford him this opportunity, that sentence is unconstitutional under Graham.” Id. at 679-80.
In contrast to Henry, Kelsey was sentenced to an aggregate of forty five years for crimes he committed when he was fifteen years old. Because Kelsey’s term-of-years aggregate sentence is not a de facto life sentence, Kelsey will have a meaningful opportunity for release during his natural life. Therefore, Kelsey’s aggregate sentence does not violate Graham, and he is not entitled to resentencing. Cf. Henry, 175 So.3d at 680 (“Because we have determined that Henry’s sentence is unconstitutional under Graham, we conclude that Henry should be resentenced in light of the new juvenile sentencing legislation enacted by the Florida Legislature in 2014, ch. 2014-220, Laws of Fla.”).
Accordingly, I respectfully dissent.
LEWIS and CANADY, JJ., concur.