# Third District Court of Appeal

## State of Florida

Opinion filed February 8, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D10-173
Lower Tribunal Nos. 98-5013 & 98-3144B
_____

**Derrick Grantley,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before LAGOA and LOGUE, JJ., and KLINGENSMITH, Associate Judge.

LOGUE, J.

Derrick Grantley appeals the revocation of his probation and the resulting sentences for twelve underlying felonies he committed as a juvenile. We affirm

without further comment Grantley's probation revocation, but we reverse and remand for resentencing under the juvenile sentencing legislation enacted in 2014, as required by the Florida Supreme Court's decision in Kelsey v. State, No. SC15-2079, 2016 WL 7159099, at *1-5 (Fla. Dec. 8, 2016).

At fifteen years old in 1999, Grantley pled guilty to a total of twelve felonies in two related cases: two counts of armed robbery, one count of burglary with an assault, two counts of armed kidnapping, four counts of sexual battery with a deadly weapon, one count of aggravated battery, one count of armed carjacking, and one count of armed burglary of a conveyance with an assault. The trial court sentenced him to thirty-five years' prison to be followed by fifteen years' probation.

While serving his prison sentence in 2007, the State moved to revoke Grantley's probation based on Grantley's commission of a battery on a Florida Department of Law Enforcement agent in prison. After a series of hearings, the trial court revoked Grantley's probation and sentenced him to several life sentences based on the underlying offenses. Grantley then filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). His motion, citing to the United States Supreme Court decision in Graham v. Florida, 560 U.S. 48 (2010), argued that the life sentences were unconstitutional because he was a juvenile at the time he committed the nonhomicide offenses. A successor

2

trial court agreed and resentenced Grantley to two concurrent sentences of fifty years' prison to be followed by ten years' probation, and a third concurrent sentence of fifteen years' prison.

Grantley filed a second motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800. In his motion, Grantley argued that his sentence had to be corrected to reflect that he was entitled to judicial review as required by the juvenile sentencing legislation enacted in 2014 and the Florida Supreme Court's decision in Henry v. State, 175 So. 3d 675 (Fla. 2015). The trial court denied the motion and this appeal timely followed.

In a decision unavailable to the trial court at the time it ruled, the Florida Supreme Court recently held that a defendant whose original sentence violated Graham v. Florida, and who was thereafter resentenced, is entitled to resentencing under the juvenile sentencing legislation codified in Florida Statutes sections 77.082(3)(c) and 921.1402. Kelsey, 2016 WL 7159099, at *1-5.[1] Accordingly, we affirm Grantley's probation revocation but reverse and remand for resentencing in accordance with the Florida Supreme Court's holdings in Henry and Kelsey.

Affirmed in part; reversed in part; remanded.

---

[1] In accordance with the parties' suggestion, this Court held this appeal in abeyance pending the Florida Supreme Court's review of Kelsey v. State, 183 So. 3d 439 (Fla. 1st DCA 2015).