PER CURIAM.
The appellant appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of the motion, and write to address one of the appellant’s claims.
In 2008, following a plea, the appellant was convicted of second-degree murder and attempted robbery and sentenced to terms totaling 35 years’ imprisonment. In his motion, he alleged that he is entitled to be resentenced pursuant to chapter 2014-220, Laws of Florida, which has been codified in sections 775.082, 921.1401, and 921.1402 of the Florida Statutes, because he was a juvenile at the time he committed the crimes. Chapter 2014-220 was created by the Legislature in response to the supreme court’s decisions in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), which held that the constitutional prohibition on cruel and unusual punishment is violated when a juvenile offender is sentenced to life imprisonment without the possibility of parole for a nonhomicide offense, and Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012), which held that “mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment’s prohibition on ‘cruel and unusual punishments.’” Chapter 2014-220 provides for individualized sentencing consideration pri- or to the imposition of a life sentence on a juvenile offender, and also provides for judicial review of certain sentences imposed upon juveniles who commit capital, life, or first-degree felonies punishable by life. However, the appellant’s 35-year total sentences do not violate either Graham or Miller, as the appellant was not sentenced to a life, mandatory life, or a de facto life sentence. See Kelsey v. State, 183 So.3d 439 (Fla. 2015) (holding that a 45-year *800 sentence imposed upon a defendant who was 15 at time of crime was not a de facto life sentence), quashed, 206 So.3d 5 (Fla. 2016) (holding that 45-year sentence imposed after resentencing pursuant to Graham was improper where trial court did not resentence pursuant to chapter 2014-220: a defendant whose initial sentence violates Graham is entitled to new resen-tencing under the framework of chapter 2014-220).
Accordingly, we AFFIRM the summary denial of the appellant’s motion for post-conviction relief.
B.L. THOMAS, RAY, and KELSEY, JJ., CONCUR.