IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DERYCK LEE KATWAROO,

     Appellant,

v.                                   Case No. 5D17-2088

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed February 2, 2018

3.802 Appeal from the Circuit
Court for Orange County,
A. James Craner, Judge.

Deryck Lee Katwaroo, Okeechobee, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.

PALMER, J.

Deryck Lee Katwaroo (the defendant) appeals the trial court's order granting in part and denying in part his "motion to review the sentence imposed on a juvenile offender for possible modification or reduction of sentence," filed pursuant to rule 3.802 of the Florida Rules of Criminal Procedure. The trial court correctly denied the motion as it was premature; however, the trial court erred in amending the defendant's sentence to provide for a review hearing without first conducting a resentencing hearing. Therefore, we

reverse and remand for the trial court to treat the motion as a rule 3.800(a) motion and set this matter for resentencing.

In 1999, the defendant pled guilty to the offense of second-degree murder. We affirmed his judgment and 30-year sentence. Katwaroo v. State, 756 So. 2d 254 (Fla. 5th DCA 2000).

The defendant filed this rule 3.802 motion alleging that his sentence is illegal because, according to him, he was sixteen at the time he committed the offense. See Miller v. Alabama, 567 U.S. 460 (2012); Graham v. Florida, 560 U.S. 48 (2010); Kelsey v. State, 206 So. 3d 5 (Fla. 2016); Atwell v. State, 197 So. 3d 1040 (Fla 2016). Procedurally, the defendant sought relief under the wrong rule because rule 3.802 applies only after a juvenile has been resentenced pursuant to section 921.1402, Florida Statutes, and the time for a review hearing has arrived.

Nevertheless, in light of his 30-year sentence, the defendant was entitled to receive judicial review of his sentence. See Burrows v. State, 219 So. 3d 910 (Fla. 5th DCA 2017), but see Davis v. State, 214 So. 3d 799 (Fla. 1st DCA 2017). However, it was error for the trial court to amend the sentence to provide for a review hearing without first conducting a resentencing hearing. Davis v. State, 230 So. 3d 487 (Fla. 5th DCA 2017).

Accordingly, we reverse and remand for the trial court to treat the instant motion as a rule 3.800(a) motion and to hold a resentencing hearing pursuant to section 921.1402, Florida Statutes.

REVERSED and REMANDED.

EVANDER, J. concurs
BERGER, J. concurring specially

2

BERGER, J., concurring specially.                                    5D17-2088

   I concur based on this court's decision in <u>Davis v. State</u>, 230 So. 3d 487, 488 (Fla. 5th DCA 2017).  However, were I writing on a clean slate, I would affirm.  In my view, Katwaroo is not entitled to resentencing under <u>Graham v. Florida</u>, 560 U.S. 48 (2010) or <u>Miller v. Alabama</u>, 567 U.S. 460 (2012), because his thirty-year sentence is not a de facto life sentence.  <u>See</u> <u>Davis v. State</u>, 214 So. 3d 799, 799-800 (Fla. 1st DCA 2017).