IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ALBERTO RUIZ,

      Appellant,

v.                                                                          Case No.  5D17-2877

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 4, 2018

Appeal from the Circuit Court
for Marion County,
David B. Eddy, Judge.

James S. Purdy, Public Defender, and
Brittany N. O'Neil, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Alberto Ruiz appeals the partial denial of his motion to correct sentence filed under

Florida Rule of Criminal Procedure 3.800(a).[1]  Ruiz, who was seventeen years old at the

time of his offense, entered an open plea to sexual battery and was sentenced to forty

---

      [1] Although Ruiz filed his motion under rule 3.850, the trial court correctly
considered it under rule 3.800(a).

years in prison, followed by a lifetime of sex offender probation. In his rule 3.800(a) motion, Ruiz argued that he was entitled to a full resentencing hearing and judicial review of his sentence. The trial court granted Ruiz's motion in part, amending the sentencing documents to allow for a juvenile sentence review hearing, but denying Ruiz a new resentencing hearing.

In Davis v. State, 230 So. 3d 487 (Fla. 5th DCA 2017), this Court held that the trial court erred when it modified a juvenile defendant's sentence to allow for a review hearing without also holding a resentencing hearing under sections 775.082, 921.1401 and 921.1402, Florida Statutes (2014). Accord Katwaroo v. State, 237 So. 3d 446 (Fla. 5th DCA 2018) (stating same). Ruiz's situation is identical. Accordingly, we affirm the trial court's order amending the sentence to provide for a review hearing, but reverse and remand to allow the court to conduct a full resentencing hearing.

AFFIRMED in part; REVERSED in part; and REMANDED.

COHEN, C.J. and ORFINGER, J., concur.
BERGER, J., concurring specially with opinion.

Berger, J., concurring specially.                                      5D17-2877

I concur based on this Court's decision in <u>Davis v. State</u>, 230 So. 3d 487, 488 (Fla. 5th DCA 2017).  However, were I writing on a clean slate, I would affirm.  In my view, Ruiz is not entitled to resentencing under <u>Graham v. Florida</u>, 560 U.S. 48 (2010), or <u>Miller v. Alabama</u>, 567 U.S. 460 (2012), because his forty-year sentence is not a de facto life sentence. <u>See</u> <u>Davis v. State</u>, 214 So. 3d 799, 799-800 (Fla. 1st DCA 2017).