IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KENNETH LYDELL JACKSON,

      Appellant,

 v.                                    Case No.  5D17-3990

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed June 1, 2018

Appeal from the Circuit Court
for Marion County,
Edward L. Scott, Judge.

James S. Purdy, Public Defender, and
Brittany N. O'Neil, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

Kenneth Lydell Jackson appeals the partial denial of his motion to correct sentence

filed under Florida Rule of Criminal Procedure 3.800(a).  Jackson, who was sixteen years

old at the time of his offenses, entered open pleas to burglary of a conveyance while

armed (count I), attempted robbery with a firearm (count II), and possession of a firearm

by a delinquent (count III).  He was sentenced to concurrent twenty-five year terms of prison on counts I and II.  On count III, he received a concurrent fifteen-year prison sentence.  In his rule 3.800(a) motion, Jackson argued that he was entitled to a full resentencing hearing and a judicial review of his sentence.  The trial court granted Jackson's motion, in part, amending the sentencing documents to allow for a juvenile sentence review hearing, but denying a new resentencing hearing.

This Court has previously held that it is error to modify a juvenile defendant's sentence to allow for a review hearing without also holding a resentencing hearing under sections 775.082, 921.1401 and 921.1402, Florida Statutes.  Ruiz v. State, 43 Fla. L. Weekly D1015 (Fla. 5th DCA May 11, 2018); Katwaroo v. State, 237 So. 3d 446 (Fla. 5th DCA 2018); Davis v. State, 230 So. 3d 487 (Fla. 5th DCA 2017).  Jackson's situation is identical.  Accordingly, we affirm the trial court's order amending the sentencing documents to provide for a review hearing, but reverse and remand to allow the court to conduct a full resentencing hearing.

AFFIRMED in part; REVERSED in part; and REMANDED

ORFINGER and TORPY, JJ., concur.
BERGER, J., concurring specially.

BERGER, J., concurring specially.                                                    5D17-3990

I concur based on this Court's decisions in Ruiz v. State, 43 Fla. L. Weekly D1015 (Fla. 5th DCA May 4, 2018), Katwaroo v. State, 237 So. 3d 446 (Fla. 5th DCA 2018), and Davis v. State, 230 So. 3d 487, 488 (Fla. 5th DCA 2017).  However, were I writing on a clean slate, I would affirm.  In my view, Jackson is not entitled to resentencing under Graham v. Florida, 560 U.S. 48 (2010), or Miller v. Alabama, 567 U.S. 460 (2012), because his sentences are not de facto life sentences.  See, e.g., Davis v. State, 214 So. 3d 799, 799-800 (Fla. 1st DCA 2017).