IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

DARA G. OSTANE,

       Appellant,

v.                                  Case No.  5D17-3087

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed June 22, 2018

Appeal from the Circuit Court for
Lake County,
Don F. Briggs, Judge.

Dara G. Ostane, Wewahitchka, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison L. Morris and
Pamela J. Koller, Assistant Attorneys
General, Daytona Beach, for Appellee.


ON MOTION FOR REHEARING

PER CURIAM.

In consideration of Dara Ostane's March 12, 2018 motion for rehearing, we grant

the requested relief, withdraw our prior opinion, and substitute this opinion in its stead.

Dara Ostane appeals the trial court's order granting in part and denying in part his

"Motion for Resentencing in Compliance with chapter 2014-220, Laws of Florida," filed

pursuant to Florida Rule of Criminal Procedure 3.800. On appeal, Ostane argues that the

trial court erred when it modified his sentence without holding a resentencing hearing. We agree and remand for resentencing.

In 2001, Ostane pled guilty to manslaughter and was sentenced to thirty years in prison, which we affirmed on appeal. See Ostane v. State, 819 So. 2d 793 (Fla. 5th DCA 2002). Ostane was seventeen years old at the time of the offense. Based on recent decisions, Ostane is entitled to receive "an opportunity for early release that is meaningful, based on a demonstration of maturity and rehabilitation, and during his or her natural life." Johnson v. State, 215 So. 3d 1237 (Fla. 2017); see also Graham v. Florida, 560 U.S. 48 (2010); Morris v. State, 43 Fla. L. Weekly S223 (Fla. May 10, 2018); Kelsey v. State, 206 So. 3d 5 (Fla. 2016); Katwaroo v. State, 237 So. 3d 446 (Fla. 5th DCA 2018); Montgomery v. State, 230 So. 3d 1256 (Fla. 5th DCA 2017); Davis v. State, 230 So. 3d 487 (Fla. 5th DCA 2017); Burrows v. State, 219 So. 3d 910 (Fla. 5th DCA 2017); Tyson v. State, 199 So. 3d 1087 (Fla. 5th DCA 2016).

The trial court correctly held that Ostane was entitled to judicial review. However, the trial court erred when it held that Ostane was not entitled to resentencing. We have stated, "[I]t [is] error for the trial court to amend the sentence to provide for a review hearing without first conducting a resentencing hearing." Katwaroo, 237 So. 3d at 447 (citing Davis, 230 So. 3d at 487); see also Morris, Fla. L. Weekly S223; Kelsey, 206 So. 3d at 11. Accordingly, we affirm in part, reverse in part, and remand for the trial court to hold a resentencing hearing.

AFFIRMED in Part; REVERSED in Part; and REMANDED.

TORPY, WALLIS and EDWARDS, JJ., concur.