DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARCUS L. COLSTON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1039

[August 15, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 50-2001-CF-001044-AXXX-MB.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Marcus Colston urges this court to find that his sentence upon conviction in the Fifteenth Judicial Circuit is unconstitutional under the dictates of *Graham v. Florida*, 560 U.S. 48 (2010), and its progeny, as well as sections 775.082(3)(c) and 921.1402(2)(d), Florida Statutes (2016). For the reasons set forth below, we find it is premature to consider this issue and affirm Colston's sentence.

In September of 2003, the trial court in the Fifteenth Judicial Circuit, in and for Palm Beach County, sentenced Colston to sixty-five years in prison for multiple crimes he committed as a juvenile. Approximately four months later, another trial court, this one in the Seventeenth Judicial Circuit, in and for Broward County, sentenced Colston to an aggregate term of life in prison, to run consecutive to his Palm Beach sentence, for additional crimes he committed as a juvenile. In 2013, the Broward court resentenced him, pursuant to *Graham*, to seventy-five years in prison, to again run consecutive to his Palm Beach sentence.

In May of 2016, Colston filed a motion in Palm Beach County to correct his sixty-five-year sentence. Two months later, he filed a similar motion in his Broward case seeking to correct his seventy-five-year sentence. Rather than issue an immediate ruling, the Broward court stayed Colston's motion pending the Florida Supreme Court's review of the First District's decision in *Kelsey v. State*, 183 So. 3d 439 (Fla. 1st DCA 2015), *reversed* 206 So. 3d 5 (2016).

In February of 2017, after *Kelsey* was decided, the Palm Beach court held a *de novo* sentencing hearing on Colston's May 2016 motion. The judge resentenced him to fifty years in prison with periodic judicial review after twenty years.[1] However, the order was silent as to whether the sentence would run consecutive or concurrent to the seventy-five-year sentence issued in Broward.

Thereafter, Colston filed a timely motion under Florida Rule of Criminal Procedure 3.800(b)(1) and requested that the Palm Beach court clarify whether the newly-imposed fifty-year sentence was to run consecutive to the Broward sentence. Colston noted that because the February 2017 Palm Beach sentencing order was silent on the issue, the law mandated that it must run consecutive to the Broward sentence, which resulted in an aggregate of 125-years' imprisonment. *See* § 921.16(1), Fla. Stat. (2016) ("Sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that . . . the sentences be served concurrently.") He argued below, and asserts on appeal, that such a sentence is contrary to the principles of *Graham*, its progeny, and sections 775.082(3)(c) and 921.1402(2)(d).

Given that Colston's motion to correct his seventy-five-year Broward sentence remains pending before that court, the issue presented on appeal is not yet ripe for our consideration. Because the Broward court stayed its consideration of Colston's motion until *Kelsey* was decided by the Florida Supreme Court, we anticipate that the trial court will now act on Colston's request. That court's decision will determine the relief to which Colston may be entitled, if any. Consequently, we affirm Colston's Palm Beach sentence, but do so without prejudice to seek post-conviction relief following the imposition of a new Broward sentence.

*Affirmed.*

---

[1] The trial court stated that the resentencing was *nunc pro tunc* to September 4, 2003, the original sentencing date.

GROSS and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***