# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1210

_____

LOUIS ANTHONY MCCRAE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Tatiana Salvador, Judge.

March 7, 2019

WINSOR, J.

In 2003, seventeen-year-old Louis McCrae shot into a crowd, killing Jackson Blakely. A jury convicted McCrae of second-degree murder, the judge sentenced him to thirty years, and this court affirmed. *McCrae v. State*, 908 So. 2d 1095 (Fla. 1st DCA 2005). McCrae later filed a postconviction motion, alleging that the Florida Supreme Court's subsequent *Horsley v. State* decision entitles him to a new sentence. 160 So. 3d 393 (Fla. 2015). The trial court denied relief, and we affirm.

Years after McCrae's conviction, the United States Supreme Court announced in *Graham v. Florida* that the Eighth Amendment precludes life-without-parole sentences for juveniles who committed nonhomicide offenses. 560 U.S. 48, 75 (2010).

Then, in *Miller v. Alabama*, the Court decided that the Eighth Amendment also precludes mandatory life sentences for juveniles, including those guilty of homicide. 567 U.S. 460, 465 (2012). Responding to these decisions, the Florida Legislature established a new juvenile sentencing scheme. *See* Ch. 2014-220, Laws of Fla.; *see also Horsley*, 160 So. 3d at 395. Although the new legislation had a 2014 effective date, the Florida Supreme Court determined that the new legislation would apply "to all juvenile offenders whose sentences are unconstitutional under *Miller*." *Horsley*, 160 So. 3d at 409. Therefore, juveniles whose original sentences were inconsistent with *Miller* are now entitled to a new sentence under the new statute. *Id.* Likewise for juveniles whose original sentences were inconsistent with *Graham*. *Henry v. State*, 175 So. 3d 675, 680 (Fla. 2015).

These developments do not help McCrae because his original sentence—thirty years—was not inconsistent with *Graham* or *Miller*. It was not inconsistent with *Graham* because this was a homicide offense and, at any rate, there was no life sentence—de facto or otherwise. Indeed, McCrae will still be in his forties when released. *See, e.g., Davis v. State*, 214 So. 3d 799 (Fla. 1st DCA 2017) (rejecting *Graham* challenge to 35-year sentence); *Abrakata v. State*, 168 So. 3d 251, 252 (Fla. 1st DCA 2015) (rejecting *Graham* challenge because "Appellant will be in his early forties when he is released from prison"), *rev. denied*, SC15-1325 (Fla. Jan. 3, 2017); *Austin v. State*, 127 So. 3d 1286, 1287 (Fla. 1st DCA 2013) (upholding 45-year sentence). And similarly, the sentence is not inconsistent with *Miller* because there was no life sentence, mandatory or otherwise. *See Davis*, 214 So. 3d at 799; *see also Landrum v. State*, 192 So. 3d 459, 460 (Fla. 2016) (applying *Miller* to discretionary life sentence for second-degree murder). Without an unconstitutional sentence to start with, McCrae is not entitled to resentencing under the new statute. *See Abrakata*, 168 So. at 252 ("[A]bsent a violation of *Graham*, there is no legal basis to retroactively apply section 921.1402 (or any other provision of the juvenile sentencing legislation enacted in 2014) to the 2011 offense in this case."); *cf. Kelsey v. State*, 206 So. 3d 5, 8 (Fla. 2016) (holding new sentences under new statutes appropriate for "all juveniles who have sentences that violate *Graham*"); *Henry*, 175 So. 3d at 680 (affording resentencing under new statutes "[b]ecause we have determined that Henry's

sentence is unconstitutional under *Graham*"); *Horsley*, 160 So. 3d at 395 (affording resentencing under new law to those "whose sentences are unconstitutional in light of *Miller*").

In arguing otherwise, McCrae points to *Thomas v. State*, 177 So. 3d 1275 (Fla. 2015) (table), an unpublished, one-paragraph Florida Supreme Court decision. In that decision, the court quashed this court's decision and directed resentencing under the new law, citing *Horsley*. *Id.* In the opinion quashed, this court had affirmed concurrent thirty- and forty-year sentences for armed robbery and first-degree murder. *Thomas v. State*, 135 So. 3d 590, 590 (Fla. 1st DCA 2014). Unlike McCrae, however, the defendant in *Thomas* was resentenced after *Miller*, and our now-quashed decision was affirming his new sentence. *Id.* This was in an era when the appropriate remedy for *Miller* violations was uncertain, and before *Horsley* announced that the remedy must be resentencing under the new law. 160 So. 3d at 401 (noting that courts had not found consensus on how to address *Miller* violations and announcing new rule). Therefore, the *Thomas* decision on which McCrae relies is best read as rejecting the remedy this court approved for the earlier *Miller* violation. That remedy was unquestionably inconsistent with the remedy *Horsley* later dictated, so it is unsurprising that the Florida Supreme Court commanded another resentencing in *Thomas*. In McCrae's case, by contrast, there was no *Miller* violation to start with, so there is no remedy to consider.

It is perhaps somewhat ironic that McCrae might have been better off with a life sentence at the outset, rather than only thirty years. A life sentence for McCrae's second-degree murder likely would have led to resentencing under *Miller*, as it did in *Landrum*, 192 So. 3d at 460.* And resentencing under the new

---

* We say "likely," because the supreme court acknowledged in *Landrum* "the possibility that a sentencer could have exercised discretion under [the former statutes] in a manner that demonstrated the sentencer considered the factors *Miller* has since deemed constitutionally significant—and [that] the resulting sentence would therefore not violate *Miller*." 192 So. 3d at 469. It concluded, though, that this did not happen in that case. *Id.*

juvenile-sentencing law would have meant McCrae would be eligible for a sentence review after twenty-five years. § 921.1402(2), Fla. Stat. We also note that in *Landrum*, the supreme court relied on the fact that it would seem unfair to grant new sentences for first-degree murder (which carried mandatory life sentences) but not for second-degree murder (which allowed only discretionary life sentences). 192 So. 3d at 468. But it also relied on the fact that the sentencing court did not conduct the type of review *Miller* contemplated, *id.* at 469, and it certainly did not hold that any juvenile who might benefit from the new juvenile sentencing scheme must be resentenced. Unless and until the Florida Supreme Court announces that every juvenile defendant is entitled to a sentence under the new laws—regardless of when the defendant was sentenced or whether the original sentence violated *Graham* or *Miller*—we will follow the rule that resentencing only applies when there was a *Graham* or *Miller* violation. *Cf. Hart v. State*, 255 So. 3d 921, 928 (Fla. 1st DCA 2018); *Abrakata*, 168 So. 3d at 252.

AFFIRMED.

LEWIS and M.K. THOMAS, JJ., concur.

───────────────────────────

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

───────────────────────────

Louis Anthony McCrae, pro se, Appellant.

Ashley B. Moody, Attorney General, Tallahassee, for Appellee.