FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D20-3457
_____

ROBERT W. KRAMER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Clay County.
Michael S. Sharrit, Judge.

September 22, 2021


B.L. THOMAS, J.

    Appellant appeals from the denial of a rule 3.800(a) motion to correct illegal sentence. The appeal is timely. Because Appellant's claims are not cognizable in a 3.800(a) motion, the appeal must be affirmed.

    The State charged Appellant with fourteen counts of possession of child pornography. Each count was a third-degree felony offense in violation of section 827.071(5), Florida Statutes. A jury found Appellant guilty on all counts. The criminal-punishment-code scoresheet produced the lowest permissible sentence of 52.95 months' imprisonment. Appellant was 34 years' old. The trial court imposed consecutive five-year sentences on each count for an aggregate total sentence of 70 years'

imprisonment. This Court affirmed the judgment and sentence. The mandate issued on May 5, 2017.

Appellant filed a petition alleging ineffective assistance of appellate counsel, which this Court denied in August 2019. On September 4, 2019, Appellant filed the instant motion. The lower tribunal summarily denied the motion in October 2020. This Appeal followed.

In his first claim for relief, Appellant argued below that the trial court improperly considered an unsubstantiated allegation of capital sexual battery that was pending at that time in a separate criminal proceeding. The lower tribunal correctly denied Appellant's claim as it challenged the procedure leading to the sentence and not the sentence itself. *See Collier v. State*, 148 So. 3d 797, 798 (Fla. 1st DCA 2014).

Appellant argues for reversal because the sentence resulted from a fundamental due process violation. Appellant reads this Court's opinion in *Robinson v. State*, 215 So. 3d 1262 (Fla. 1st DCA 2017), and the Supreme Court's opinion in *Wright v. State*, 911 So. 2d 81, 83-84 (Fla. 2005), as authorizing relief. However, neither case supports finding that a claim based on considering an improper factor at sentencing, an error addressable on direct appeal, results in an illegal sentence cognizable in a 3.800(a) motion.

In Appellant's second claim for relief, Appellant argued below that the 70-year sentence constituted cruel and unusual punishment, violating the 8th Amendment of the United States Constitution and Article I, Section 17 of the Florida Constitution. He asserted that it was a *de facto* life sentence, which was grossly disproportionate to the third-degree felonies Appellant was convicted of committing and the 52.95-month sentence Appellant scored as an appropriate sentence on his criminal-punishment-code scoresheet. The lower tribunal correctly denied Appellant's claim. In doing so, it reasoned that Appellant's claim was not cognizable under rule 3.800(a) and would be untimely under rule 3.850.

Appellant argues for reversal because relief is available to correct juvenile sentences on the basis that life without parole constitutes cruel and unusual punishment, and that rule should apply equally to Appellant to allow his claim that the aggregate 70-year sentence is cruel and unusual. However, "[a] rule 3.800(a) motion to correct an illegal sentence is not the proper vehicle for challenging a sentence on the basis that it violates the constitutional prohibition against cruel and unusual punishment." *See Lykins v. State*, 894 So. 2d 302, 303 (Fla. 3d DCA 2005) (quoting *State v. Spriggs*, 754 So. 2d 84, 84 (Fla. 4th DCA 2000)). Appellant's case, like *Lykins* and *Spriggs*, calls for a proportionality review. *See Hale v. State*, 630 So. 2d 521, 525 (Fla. 1993). The line of cases granting relief to juveniles relied on the conclusion in *Graham*[1] and *Miller*[2] that certain sentences could not be imposed on the juvenile class of offenders, which led to new statutory sentencing requirements for juvenile offenders. *See McCrae v. State*, 267 So. 3d 470, 472 (Fla. 1st DCA 2019) (rejecting 3.800(a) claim where appellant's original sentence was not inconsistent with *Graham* or *Miller*). Appellant has not pointed to any specific prohibition against the sentences imposed in this case. Appellant's sentence constitutes a legal punishment. *See* § 921.0024(2) ("The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, ...."); 775.021(4), Fla. Stat. (2008) ("Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate offenses, upon conviction and adjudication of guilty, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively.").

AFFIRMED.

ROBERTS and LONG, JJ., concur.

---

[1] *Graham v. Florida*, 560 U.S. 48 (2010).

[2] *Miller v. Alabama*, 567 U.S. 460 (2012).

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Robert David Malove of the Law Offices of Robert David Malove, P.A., Fort Lauderdale, for Appellant.

Ashley Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

4